IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DEBORAH A. HARTLEY, | ) | CIVIL ACTION NO. 4:10-00290-HMH-TER |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

## I. PROCEDURAL HISTORY

Deborah A. Hartley, ("plaintiff" or "claimant") filed an application for DIB on September 22, 2006, alleging an inability to work since April 15, 2003, due to back problems and abdominal pain following a 2002 hysterectomy. (Tr. 99-103, 130). Her application was denied at all administrative levels and upon reconsideration. Plaintiff filed a request for a hearing. A hearing was held on March 10, 2009, before an Administrative Law Judge ("ALJ"). At the hearing, plaintiff amended her onset date to April 15, 2003, when she last performed any

work activity. (Tr. 10, 20). The ALJ issued an unfavorable decision on May 21, 2009, finding plaintiff was not disabled. (Tr. 15). The Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision. Plaintiff sought judicial review in this court by the filing of a complaint on February 8, 2010. In conjunction with filing her brief, plaintiff filed a motion to remand this matter pursuant to sentence six of 42 U.S.C. 405(g) for the Commissioner to consider evidence that she contends is new and material.

## II.  FACTUAL BACKGROUND

The plaintiff was 46 years old at the time of her hearing before the ALJ. (Tr. 19). She has a limited education and past relevant work as a restaurant manager. (Tr. 15, 20).

## III.  PLAINTIFF'S MOTION TO REMAND PURSUANT TO SENTENCE SIX

The sole argument presented in plaintiff's brief is as follows:

> The Court should reverse and remand the case pursuant to Sentence Six of 42 U.S.C. 405(g) for consideration of new and material evidence.

(Plaintiff's brief).

Plaintiff filed a motion to remand pursuant to sentence six to consider new and material evidence and to issue a new decision. Plaintiff's counsel submitted an affidavit along with the motion and attached a copy of the new and material evidence which is the subject of the motion. The evidence consists of the deposition of treating pain specialist J. Edward Nolan on November 16, 2009, and the deposition of vocational expert (VE) Benson Hecker, Ph. D., dated December 22, 2009.

Plaintiff argues that while the matter was pending before the Appeals Council, plaintiff's counsel requested and was granted an extension of time to file new evidence and legal argument until December 9, 2009. (Affidavit of Robert Wendt, Jr., dated August 26, 2010). Counsel Wendt attests that he took the deposition of Hartley's pain management physician, J. Edward Nolan, M.D., on November 10, 2009. (Id.). Based on the deposition, plaintiff asserts Dr. Nolan testified concerning the medical treatment he provided to plaintiff and expressed the opinion that plaintiff was unable to sustain the physical or mental demands of full-time work at any level of exertion or skill on a regular and continuing basis. Plaintiff argues that Dr. Nolan rebutted the ground asserted by the ALJ that Dr. Nolan's clinical findings and the ALJ's conclusion that plaintiff was exaggerating the severity of her pain. (Pl's. bf. p. 4)

Counsel asserts in the brief and his affidavit that by letter dated December 9, 2009, which was within the deadline, he faxed a copy of Dr. Nolan's deposition and the completed Treating Physician's Statement form to the Appeals Council. In that letter, counsel requested another extension of time to submit legal argument and the deposition of VE Hecker as the ALJ failed to call a VE to testify at the hearing.   By notice of Appeals Council Action on December 14, 2009, the Appeals Council denied the request for review but failed to indicate whether or not it had received the new evidence submitted by counsel Wendt the previous week within the extended deadline or the request for extension to take VE Hecker's deposition. [1]

---

[1] On December 22, 2009, plaintiff's counsel took the deposition of Dr. Hecker who testified that Dr. Nolan's assessment of functional loss in the Treating Physician's Statement form would preclude the sustained performance of all work in the national economy on a regular and continuing basis. (Wendt affidavit). Further, Dr. Hecker testified that plaintiff's activities of daily living as cited by the ALJ in support of his unfavorable decision, had no correlation with the ability to work and for this reason did not support the ALJ's unfavorable decision. (Pl's. bf. p. 5).

Plaintiff argues that the transcript of record filed by the Commissioner did not include the new evidence of Dr. Nolan's deposition, Treating Physician's Statement form, and transmittal letter that were faxed to the Appeals Council on December 9, 2009. Terefore, plaintiff filed a motion on August 26, 2010, to remand pursuant to sentence six for consideration of the new evidence submitted to the Appeals Council from Dr. Nolan on December 9, 2009, and the deposition of the VE, Dr. Hecker. (Pls. Bf., p. 5).

Defendant filed a brief in support of the Commissioner's decision and in opposition to plaintiff's motion for sentence six remand. Defendant argues plaintiff has failed to demonstrate good cause for her failure to present the additional evidence during the administrative proceedings. Defendant asserts that "...while Plaintiff has submitted fax confirmation reports documenting the transmission of her counsel's prior communications with the Appeals Council, she has not provided fax confirmation reports documenting that she submitted the additional evidence." (Def.'s bf, p. 9).

Plaintiff filed a reply brief and submitted a supplemental affidavit from counsel Wendt attaching copies of "the transmittal letter, fax cover sheet, and fax confirmation sheet dated December 9, 2009, by which the deposition and Treating Physician's Statement form of J. Edward Nolan, M.D. were forwarded to the Appeals Council within the extended deadline" that were omitted from his first affidavit. (Doc. #21).

The deposition of Dr. Nolan dated November 10, 2009, and the Treating Physician Statement of J. Edward Nolan, M.D., dated November 16, 2009, were faxed to the Appeals Council on December 9, 2009, and the fax was successful. ( Doc. #21). Within this fax, Counsel Wendt also requested an additional thirty (30) day extension to submit new evidence and legal argument from a vocational expert, Benson Hecker, Ph.D., and informed the Appeals Council

that Dr. Hecker's deposition was in the process of being scheduled to provide vocational implications of the work-related limitations assessed by the treating physician, Dr. Nolan. However, the Appeals Council issued a decision on December 14, 2009, and did not indicate that they received the evidence that was faxed and did not respond to counsel's request for an extension.

As stated, Counsel Wendt provided evidence that Dr. Nolan's deposition and Treating Physician's Statement were faxed to the Appeals Council along with a request for additional time to take the deposition of a VE, Dr. Hecker, since there was no VE testimony at the hearing. However, there is no indication in the record that the Appeals Council reviewed and/or considered the evidence and request submitted. The court does not know if the Appeal's Council actually received the information even though the fax confirmation stated "successful." The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review.

In this case, there is no indication whether the Appeals Council denied review with or without consideration of the additional evidence or if they considered the request for additional time to take the deposition of a VE before reaching their decision.[2] Given that the court cannot speculate on whether the Appeals Council received and/or considered the evidence submitted, a sentence four remand appears the most appropriate choice.

Therefore, it is recommended that plaintiff's motion for a sentence six remand (doc. #11) be DENIED, but that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) to

---

[2] Dr. Hecker's vocational testimony addresses the implications of Dr. Nolan's opinion and of plaintiff's testimony regarding her significant exertional and non-exertional impairments. There was no VE at the hearing.

5

the Appeals Council to state if the evidence including the deposition of Dr. Nolan, the Treating Physician's Statement form, and the request for an extension to take Dr. Hecker's deposition was received and considered in deciding whether or not to grant review. If the Appeals Council did not receive the evidence and request by counsel, the Appeals Council should review the evidence submitted as it appears the evidence was submitted within the given time frame and state its analysis of whether to grant review.[3]

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 23, 2011
Florence, South Carolina

---

[3] Plaintiff's request for additional time to schedule and submit the deposition of Dr. Hecker should also be addressed. However, the court is not expressing an opinion on whether the extension should or should not be granted.