IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Deborah A. Hartley, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 4:10-290-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(c), (d). Deborah A. Hartley ("Hartley") seeks attorney fees for services rendered in the above-captioned social security action in the amount of Two Thousand Nine Hundred Thirty-Eight Dollars and Eighty-Four Cents ($2,938.84) and costs in the amount of Three Hundred Fifty Dollars ($350.00). The Commissioner of Social Security ("Commissioner") objects to the request for attorney fees.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984) (internal quotation marks omitted). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and

1

fact." Id. "Substantially justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). Hence, the "substantially justified" standard is "satisfied if there is a genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." Id. (internal quotation marks and citations omitted).

The Commissioner did not file objections to the Report and Recommendation. The court adopted the Report and Recommendation stating that this action should be remanded for further consideration as

> there is no indication in the record that the Appeals Council reviewed and/or considered the evidence and request submitted. The court does not know if the Appeal's Council actually received the information even though the fax confirmation stated "successful." The Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review.
> In this case, there is no indication whether the Appeals Council denied review with or without consideration of the additional evidence or if they considered the request for additional time to take the deposition of a VE before reaching their decision.

(Report & Recommendation 5.) Therefore, "[g]iven that the court cannot speculate on whether the Appeals Council received and/or considered the evidence submitted," the court granted remand. (Id.)

The Commissioner argues that

> [t]he Court did not find that the additional evidence was contrary to the weight of the evidence in the record before the ALJ. Nor did the Court find that the additional evidence was received by the Appeals Council. Instead, the Court remanded the case in order to clarify whether the Appeals Council considered the evidence prior to denying review. Hence, the Court did not identify a substantive error in the Commissioner's final decision.
> Because the Court did not identify a substantive error by the agency as a basis for remand, the Commissioner was substantially justified in defending this case.

(Def. Resp. Opp'n 3.)  The Commissioner cites no case law on point to support its argument that because the court did not find a substantive error in the ALJ's decision that the Commissioner "was substantially justified in defending this case."  (Id.)  To the contrary, the Commissioner bears the burden of establishing how its position arguing that the ALJ's decision was supported by substantial evidence was reasonable.  Reich v. Walter W. King Plumbing & Heating Contractor, Inc., 98 F.3d 147, 150-51 (4th Cir. 1996) ("The government . . . bears the burden of showing that its position was substantially justified.").  Because the Commissioner has failed to offer any argument regarding why the Commissioner's position in this case was substantially justified, the court finds that the Commissioner has failed to carry its burden.

Having found that the Commissioner's position was not substantially justified, the court considers Hartley's request for attorney fees.  The Commissioner argues that "the hourly rate requested by Plaintiff, $181.41, is excessive in light of the regional Consumer Price Index for the period during which the work was performed."  (Def. Mem. Opp'n 4.)  28 U.S.C. § 2412(d)(2)(A)(ii) provides that EAJA "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Based on the South Urban Regional Consumer Price Index, as opposed to the consumer price index for all urban consumers nationwide utilized by Hartley, the Commissioner "requests that the Court award no more than $2,814.75 in attorney fees (16.2 hours of work x $173.75 per hour = $2,814.75), rather that $2,938.84."  (Id. at 5.)  The Commissioner cites two non-binding cases from other courts, Mannino v. West, 12 Vet. App. 242, 243 (1999), and Cox Constr. Co. v. United States, 17 Cl. Ct. 29, 37 (1989), in support of its position.  "[T]he Court notes that there

is contrary authority which applies the local/regional indexes over the national index to determine the cost-of-living adjustment." Jawad v. Barnhart, 370 F. Supp. 2d 1077, 1083 (S.D. Cal. 2005) (discussing contrary authorities). However, in Sullivan v. Sullivan, 958 F.2d 574, 576 (4th Cir. 1992), the Fourth Circuit held that "use of a broad cost-of-living index" is the appropriate measure for calculation of a cost-of-living enhancement in determining an attorney fee award under the EAJA. After review, the court finds that Hartley appropriately relied on the national index in calculating the requested attorney fees. Further, the court finds the hourly rate and number of hours to be reasonable.[1]

It is therefore

**ORDERED** that Hartley is awarded attorney fees in the amount of Two Thousand Nine Hundred Thirty-Eight Dollars and Eighty-Four Cents ($2,938.84) and costs in the amount of Three Hundred Fifty Dollars ($350.00).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 28, 2011

---

[1] "[A]ttorney's fees under the EAJA are payable to the claimant, not the attorney" and "it is settled law that the attorney does not have standing to apply for the EAJA fees; that right belongs to the prevailing party." Stephens v. Astrue, 565 F.3d 131, 137-38 (4th Cir. 2009) (internal quotation marks omitted).